UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY SMITH, | |
|     Plaintiff, | Case No. 2:12-cv-02140-JCM-GWF |
| vs. | **ORDER** |
| STEPHEN CONNELL, *et al.*, | |
|     Defendants. | Motion to Proceed in Forma Pauperis (#1); Motion to Amend Complaint (#2) |

This matter comes before the Court on Plaintiff's Motion to Proceed in Forma Pauperis (#1), filed on December 17, 2012. Plaintiff filed a Motion for Leave to Amend his Complaint (#2) on January 2, 2013.

**BACKGROUND**

The Court construes the Complaint (#1-1) attached to Plaintiff's Application (#1) as asserting claims of wrongful arrest and malicious prosecution under 42 U.S.C. § 1983. Plaintiff's claims arise out of an underlying criminal proceeding in the Eighth Judicial District Court of Nevada, which, according to the pleadings, is ongoing. Plaintiff claims he was wrongfully arrested for larceny for allegedly stealing a purse that Defendant-Officers were monitoring in a Las Vegas casino, and that the ongoing prosecution is malicious. In his proposed Amended Complaint (included in Motion to Amend (#2)), Plaintiff alleges a continuance in his case and the state judge's refusal to appoint new counsel violated his Sixth Amendment rights to a speedy trial and effective assistance of council.

. . .

. . .

# DISCUSSION

## I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his Application and Complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff''s financial affidavit under 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed in forma pauperis in federal court is granted.

## II. Motion for Leave to Amend

Under Federal Rule of Civil Procedure15(a)(1), Plaintiff may amend his Complaint one time as a matter of course. Therefore, the Court will grant Plaintiff's Motion to Amend (#2). Local Rule 15-1 , however, requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Accordingly, because Plaintiff's Amended Complaint supersedes the original Complaint and does not re-allege the original Complaint's false arrest and malicious prosecution claims, those claims are not before the Court for screening. Nevertheless, for the sake of thoroughness, the Court will address the merits of the claims.

## III. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under Section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). For the purposes of this screening, all of Plaintiff's factual allegations are taken as true.

      **a.**    **False Arrest**

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004) (quoting *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir.2001)) (internal quotation marks omitted). "It is well-settled that 'the determination of probable cause is based upon the totality of the circumstances known to the officers at the time of the search.'" *Id*. (quoting *Bishop*, 264 F.3d at 924).

Plaintiff avers that on October 5, 2012 at the Planet Hollywood Casino in Las Vegas, he noticed a purse on a stool. Believing it to be misplaced, Plaintiff claims he picked up the purse and brought it to a "patron station" to give it to a casino employee. Upon reaching the station, several police officers apprehended Plaintiff and detained him in a secured room. According to Plaintiff, he later learned the purse was a "bait purse" planted and monitored by the Las Vegas Metropolitan Police Department, and contained a casino redemption ticket for $650.00. Plaintiff was arrested and transported to a detention facility. On or around November 8, 2012, the State of Nevada filed an information charging Plaintiff with grand larceny. Plaintiff maintains he had no knowledge of the redemption ticket inside the purse, and merely intended to give the purse to a casino employee for safeguarding. The Court finds that Plaintiff has pled sufficient facts, taken as true, to proceed on his wrongful arrest claim. Plaintiff represents, however, that the underlying criminal matter is ongoing and has not yet proceeded to trial.

1  The Supreme Court has held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487. When a state prisoner seeks damages under section 1983, the district court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* If it would, the court must dismiss the complaint unless the conviction or sentence has already been invalidated. *Id.* If the court determines that the plaintiff's success would not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, "the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* As an example of "some other bar," the Court noted that if a plaintiff brings a section 1983 claim "during the pendency of his criminal trial, [...] abstention may be an appropriate response[.]" *Id.* at 487 n. 8.

The Supreme Court has further refined *Heck's* recommendation to stay section 1983 actions pending ongoing state litigation. In *Wallace v. Kato*, the Court affirmed a dismissal of a section 1983 false arrest claim as untimely. 549 U.S. 384, 397 (2007). The petitioner in *Wallace* argued that in light of *Heck*, the statute of limitations for filing a false arrest claim under section 1983 was tolled until the conviction was ultimately set aside. *Id.* at 393. Rejecting the argument, the Court held "'[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends.'" *Id.* at 389 (citing 2 H. Wood, *Limitation of Actions* § 187d(4), p. 878 (rev. 4th ed.1916)). For the purposes of false arrest, which the Court noted is a species of false imprisonment, "imprisonment ends once the victim becomes held pursuant to such process--when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* Because "§ 1983 actions [...] sometimes accrue before the setting aside of--indeed, even before the existence of--the related criminal conviction," if a plaintiff files a false arrest claim before he has been convicted, "it

is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-394.

The Court finds Plaintiff pleads sufficient facts to proceed on his false arrest claim. As stated above, however, Plaintiff did not re-allege the claim in his proposed amended complaint (included in Doc. #2). The claim is therefore not currently before the Court. The Court shall grant Plaintiff leave to file an additional amended complaint that alleges his false arrest claim. In light of *Heck* and *Wallace*, any such claim shall be stayed pending resolution of the underlying criminal proceeding.

      **b.**    **Malicious Prosecution**

Generally, a malicious prosecution claim is not cognizable under section 1983 if process is available in the state judicial system to provide a remedy. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "[A]n exception exists [...] when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights.*" Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc). To proceed on a malicious prosecution claim under section 1983, then, a plaintiff must show he was prosecuted "with malice and without probable cause," and "for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995).

Plaintiff here does not allege his prosecution is for the purpose of denying him his constitutional rights. Furthermore, had Plaintiff made such a showing, his claim is nevertheless premature. A malicious prosecution claim under section 1983 is based on state law elements. *Usher*, 828 F.2d at 562. Under Nevada law, the elements of a malicious prosecution claim are: "(1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings; and (4) damage." *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002). Because Plaintiff's criminal prosecution is ongoing, he cannot satisfy prongs (3) or (4). Therefore, Plaintiff has not pled sufficient facts to proceed on his malicious prosecution claim.

      **c.**    **Ineffective Assistance of Counsel**

To establish a claim for ineffective assistance of counsel, a plaintiff must satisfy a two-part

test. First, he must show "that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 474 U.S. 668, 688 (1984). Second, the plaintiff must establish he was prejudiced by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Here, Plaintiff represents that his underlying criminal proceeding is ongoing. Because Plaintiff has not suffered an adverse outcome, he cannot satisfy *Strickland's* prejudice prong. Therefore, the Court finds Plaintiff has not pled sufficient facts to proceed on his ineffective assistance of counsel claim.

### d. Denial of Speedy Trial

Finally, Plaintiff alleges he suffered violation of his right to a speedy trial under the Sixth Amendment. Courts consider four factors in assessing a claim asserting violation of the Sixth Amendment right to a speedy trial: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant." *U.S. v. Sperow*, 494 F.3d 1223 (9th Cir. 2007) (citing *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972)). Courts evaluate any prejudice in light of three interests: (I) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532.

According to Plaintiff's pleadings, he was arrested on October 5, 2012 and bound over to Nevada state district court after a preliminary hearing on November 7, 2012. Plaintiff was arraigned on November 15, 2012. At the arraignment, Plaintiff claims the court agreed to assign Plaintiff new counsel, set calendar call for January 28, 2013, and set trial for February 4, 2013. Plaintiff further represents that upon motion by the State, the district judge granted a continuance to ensure the availability of a State witness. Plaintiff does assert that he did not waive his right to a speedy trial. Plaintiff has not pled any facts, however, that establish he has suffered any prejudice as a result of the delay, and resolution of his trial is still pending. The Court therefore finds that Plaintiff has not pled sufficient facts to proceed on his Sixth Amendment speedy trial claim.

## CONCLUSION

The Court finds Plaintiff pleads sufficient facts to proceed on a false arrest claim, and Plaintiff shall be permitted to file an amended complaint that asserts the claim. Plaintiff did not re-

allege his malicious prosecution claim in his proposed amended complaint, and, additionally, the claim is not supported by sufficient factual allegations. Plaintiff has not plead sufficient facts to proceed on any of the claims in his amended complaint. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #1) is **granted**.

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (#2) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Amended Complaint (#2).

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **dismissed**, without prejudice, for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that, in the event Plaintiff elects to proceed by filing an amended complaint, he may do so no later than 30 days after the date of this Order.

**IT IS FURTHER ORDERED** that, in the event Plaintiff files an amended complaint, he shall include therein the status of his criminal prosecution in the underlying state case.

DATED this 6th day of March, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge