UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY SMITH, ) | |
|             Plaintiff, ) | Case No. 2:12-cv-02140-JCM-GWF |
| vs. ) | **ORDER** |
| STEPHEN CONNELL, *et al.*, ) | |
|             Defendants. ) | |

This matter comes before the Court on Plaintiff's Amended Complaint (#6), filed on March 22, 2013. This matter also comes before the Court on Plaintiff's Motion that the State Continues to Fail to Respond to Petitions (*sic*) (#8), filed on June 17, 2013; Motion that Casino Ticket be Considered as no Evidence (*sic*) (#10), filed on July 30, 2013; Motion to Reduce Charge (#11), filed on July 30, 2013; Motion for Jury Trial (#14), filed on August 2, 2013; Motion for Court Order (#15), filed on August 2, 2013; Second Motion to Reduce Charge (#16), filed on August 2, 2013; and Motion Requesting Court Order (#17), filed on August 21, 2013.

## BACKGROUND

As the basis for his claims, Plaintiff avers that on October 5, 2012 at the Planet Hollywood Casino in Las Vegas, he noticed a purse on a stool. Believing it to be misplaced, Plaintiff claims he picked up the purse and brought it to a "patron station" to give it to a casino employee. Upon reaching the station, several police officers apprehended Plaintiff and detained him in a secured room. According to Plaintiff, he later learned the purse was a "bait purse" planted and monitored by the Las Vegas Metropolitan Police Department, and contained a casino redemption ticket for $650.00. Plaintiff was arrested and transported to a detention facility. On or around November 8,

2012, the State of Nevada filed an information charging Plaintiff with grand larceny. Plaintiff maintains he had no knowledge of the redemption ticket inside the purse, and merely intended to give the purse to a casino employee for safeguarding.

Plaintiff filed his initial Complaint (#1) on December 17, 2012, alleging claims for false arrest and malicious prosecution. Plaintiff filed a Motion for Leave to Amend the Complaint (#2) on December 18, 2012, with a proposed Amended Complaint alleging claims for Ineffective Assistance of Counsel and Denial of Speedy Trial. The Court granted leave to amend, and the Amended Complaint was filed. *See March 6, 2013 Order, Doc. #3*. The Court noted that the original Complaint (#1) was superseded by the Amended Complaint (#4), which did not re-allege the false arrest or malicious prosecution claims. *Id.* The Court nevertheless addressed the merits of those two claims. *Id.* The Court dismissed the Amended Complaint (#4), with leave to amend to re-allege the false arrest claim only. *Id.* at 6:27-7:3.

## DISCUSSION

### I.   Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under Section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its

deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). For the purposes of this screening, all of Plaintiff's factual allegations are taken as true.

The Court construes the Second Amended Complaint (#6) as asserting the following claims under 42 U.S.C. § 1983: (1) violation of due process; (2) *Apprendi* violations; (3) prosecutorial misconduct; (4) false arrest; and (5) *Brady* violations. Plaintiff seeks damages of $500,000,000. Despite being granted leave to re-allege only a claim for false arrest, *See March 6, 2013 Order, Doc. # 3* at 6:27-7:3, the Court will address the merits of these claims for the sake of thoroughness. Plaintiff's fourth and fifth claims cannot be analyzed in any event, however, because the Court finds them indecipherable. Claim four alleges that "under color of state law when equal protection and equal treatment is deny (sic) by District Attorney Trevor Hayes, when Defense's criminal offense as a crime to not return Abandon or lost property." *See Am. Compl., Doc. #6* at 5:1-7. Claim five alleges that Plaintiff "has been denied legal process to pursue a collateral attack by presenting state and federal writ of habeas corpus petitions to state and federal courts violates state law chapter 177." *Id.* at 6:1-4. Because the Court cannot construe these allegations as any claims for relief, and because Plaintiff only had leave to allege a claim for false arrest, the Court will dismiss them.

    **a.**    ***Heck v. Humphrey***

The Supreme Court has held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487. When a state prisoner seeks damages under section 1983, the district court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* If it would, the court must dismiss the complaint unless the conviction or

sentence has already been invalidated. *Id.* If the court determines that the plaintiff's success would not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, "the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* As an example of "some other bar," the Court noted that if a plaintiff brings a section 1983 claim "during the pendency of his criminal trial, [...] abstention may be an appropriate response[.]" *Id.* at 487 n. 8.

Plaintiff does not coherently address the status of his underlying state criminal proceeding in the instant pleading papers. A court, however, "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The merits of Plaintiff's claims in this litigation depend almost entirely upon the status of his underlying state prosecution. Therefore, the Court takes judicial notice of *State of Nevada v. Tony Smith*, in the Eight Judicial District Court of Clark County, Nevada, Case No. C-12-285424-1. Therein, a judgment of conviction for gross misdemeanor charges of grand larceny was entered against Plaintiff on May 1, 2013.

Because judgment in his favor would imply the invalidity of his conviction, Plaintiff's claims are only cognizable if his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a writ of habeas corpus. Plaintiff does not plead any facts or offer any support that suggests his conviction has been invalidated. Plaintiff's conviction is therefore fatal to his claims, which are not cognizable under section 1983. The Court will accordingly dismiss the Second Amended Complaint (#6).

The proper avenue for Plaintiff to pursue relief is by filing a writ of habeas corpus under 28 U.S.C. § 2254. *See, e.g., Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2003). Plaintiff is instructed, however, that a federal court will not hear a petition for habeas corpus for a person in state custody unless it appears "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C.A. § 2254 (b)(1). "A state court prisoner's federal habeas petition must be dismissed if he has not exhausted remedies available in the state." 28 U.S.C. § 2254(b); *see also Rose v. Lundy,* 455 U.S. 509, 512 (1982).

...

### b. Plaintiff's Other Motions

In addition to his Amended Complaint (#6), Plaintiff filed numerous other motions. In his Motion (#8), Plaintiff seeks redress for, among other things, alleged difficulty and delay in receiving rulings and transcripts for his various state habeas petitions. This Court, however, is one of limited jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. The Court does not serve supervisory or appellate roles as regards Nevada state courts. Due to lack of jurisdiction, then, the Court will deny Plaintiff's Motion (#8). For the same reason, the Court will deny Plaintiff's Motion (#17), which seeks release of "confidential information" from the Las Vegas Metropolitan Police Department Citizen Review Board's dismissal of Plaintiff's complaints against his arresting officers. Plaintiff's Motion "that Casino Ticket be Consider as no Evidence" (#10) is, generally, indecipherable. Furthermore, insofar as it appears to implicate Plaintiff's state conviction and the claims dismissed within this Order, the Court will deny the Motion (#10) as moot. Plaintiff's Motion for Jury Trial (#14) for the same section 1983 claims, likewise, will be denied as moot. Plaintiff's Motion for Court Order (#15) rehashes the claims and arguments presented in his Amended Complaint (#6), and will be denied as duplicative. Finally, Plaintiff's two Motions to Reduce Charge (#11, #16) both reiterate the Complaint's arguments and seek a review of his state conviction that this Court is jurisdictionally unable to provide. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (#6) is **dismissed** without prejudice. Plaintiff is instructed not to re-file any of the dismissed claims until and unless his state conviction is set aside or otherwise invalidated. If Plaintiff files any barred claims in this Court regarding his state conviction while the conviction is still in place, the Court will recommend to the District Judge that the claims be dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion that State Continues to Fail to Respond (#8) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion that Casino Ticket be Considered as no Evidence (#10) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reduce Charge (#11) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Jury Trial (#14) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Court Order (#15) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion to Reduce Charge (#16) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Court Order (#17) is **denied**.

DATED this 25th day of September, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge