# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TONY SMITH,

        Plaintiff,

vs.

STEPHEN CONNELL, *et al.*,

        Defendants.

Case No. 2:12-cv-02140-JCM-GWF

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Add Claim to Complaint (#24), filed on December 12, 2013.

## BACKGROUND

As the basis for his claims, Plaintiff avers that on October 5, 2012 at the Planet Hollywood Casino in Las Vegas, he noticed a purse on a stool. Believing it to be misplaced, Plaintiff claims he picked up the purse and brought it to a "patron station" to give it to a casino employee. Upon reaching the station, several police officers apprehended Plaintiff and detained him in a secured room. According to Plaintiff, he later learned the purse was a "bait purse" planted and monitored by the Las Vegas Metropolitan Police Department, and contained a casino redemption ticket for $650.00. Plaintiff was arrested and transported to a detention facility. On or around November 8, 2012, the State of Nevada filed an information charging Plaintiff with grand larceny. Plaintiff maintains he had no knowledge of the redemption ticket inside the purse, and merely intended to give the purse to a casino employee for safeguarding.

Plaintiff filed his initial Complaint (#1) on December 17, 2012, alleging claims for false arrest and malicious prosecution. Plaintiff filed a Motion for Leave to Amend the Complaint (#2)

on December 18, 2012, with a proposed Amended Complaint alleging claims for Ineffective Assistance of Counsel and Denial of Speedy Trial. The Court granted leave to amend, and the Amended Complaint was filed. *See March 6, 2013 Order, Doc. #3*. The Court noted that the original Complaint (#1) was superseded by the Amended Complaint (#4), which did not re-allege the false arrest or malicious prosecution claims. *Id.* The Court nevertheless addressed the merits of those two claims. *Id.* The Court dismissed the Amended Complaint (#4), with leave to amend to re-allege the false arrest claim only. *Id.* at 6:27-7:3. Despite being granted leave to re-allege only a claim for false arrest, *See March 6, 2013 Order, Doc. #3* at 6:27-7:3, Plaintiff filed his Second Amended Complaint (#6) asserting claims for violation of due process, *Apprendi* violations, prosecutorial misconduct, false arrest, and **Brady violations.** The Court addressed the merits of Plaintiff's Second Amended Complaint (#6) and dismissed it without prejudice. Plaintiff was instructed not to re-file any of the dismissed claims until and unless his state conviction is set aside or otherwise invalidated. Plaintiff was warned that if he files any barred claims in this Court regarding his state conviction while the conviction is still in place, the Court would recommend to the District Judge that the claims be dismissed with prejudice. Plaintiff then filed the present Motion to Supplement/Add a Claim (#24) on December 5, 2013, alleging claims for ineffective assistance of counsel, freedom of speech violations, and being denied access to the court.

## DISCUSSION

Although a court must liberally construe pro se pleadings, pro se status does not excuse a litigant from his obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Ogden v. San Juan County*, 32 F.3d. 452, 455 (10th Cir. 1994). The Court cannot refer to a prior pleading to make Plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Here, Plaintiff has yet to file a Complaint on which the Court has permitted him to proceed. Therefore, Plaintiff's Motion to Add Claims (#24) is premature. The Court considered treating Plaintiff's Motion (#24) as his Third Amended Complaint, however, the pending Motion (#24) does not include Plaintiff's original claim for false imprisonment. As such, the Plaintiff is instructed to file his Third Amended Complaint in accordance with Court Order (#18) entered on September 26, 2013. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Add a Claim (#24) is **dismissed** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend his complaint. Plaintiff shall have until **April 16, 2014** to file an amended complaint correcting the previously noted deficiencies.

DATED this 17th day of March, 2014

_____
GEORGE FOLEY, JR.
United States Magistrate Judge